UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 14-4808 PSG (JPRx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | Star Fabrics, Inc. v. Lulumari, Inc., *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| | Wendy Hernandez | Not Reported |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | Not Present | Not Present |

**Proceedings:   (In Chambers)**: **Order to Show Cause Re: Improper Joinder**

Plaintiff Star Fabrics, Inc. ("Plaintiff") brings this action against Defendants Lulumari, Inc.; Holly Sharp Signature Boutique, Inc.; Lara's Closet, Inc.; 6pm.com, LLC; Daisy Shoppe; and Does 1-10 (collectively, "Defendants") for alleged copyright infringement.  *See* Dkt. # 1. Defendants are alleged to have infringed upon two of Plaintiff's textile designs.  *Compl.* ¶¶ 12-20.  Plaintiff generally alleges that Defendants created, sold, manufactured, imported and/or distributed fabric and/or garments composed of fabric bearing an unauthorized reproduction of Plaintiff's designs.  *Compl.* ¶¶ 15, 20.  Plaintiff specifically alleges that: (1) Defendant 6pm.com, LLC sold garments that were manufactured by or for Defendant Holly Sharp Signature Boutique, Inc.; and (2) Defendants Daisy Shoppe and Lara's Closet, Inc. sold garments manufactured by or for Defendant Lulumari, Inc.  *See id.*  Aside from these groupings, however, Plaintiff does not allege that Defendants' conduct was part of the same transaction or occurrence, that Defendants acted in concert, or that Defendants' conduct was connected.

Federal Rule of Civil Procedure 20(a) provides the circumstances under which Defendants may be joined, stating:

> "Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-4808 PSG (JPRx) | Date | July 10, 2014 |
|---|---|---|---|
| Title | Star Fabrics, Inc. v. Lulumari, Inc., *et al.* | | |

Fed. R. Civ. P. 20(a)(2). Though Plaintiff joins several Defendants in this action, the Complaint does not contain a statement asserting that Defendants are properly joined pursuant to Federal Rule of Civil Procedure 20(a). Further, beyond the aforementioned groupings, it does not appear that Plaintiff has asserted a right against Defendants "arising out of the same transaction and occurrence." *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir. 2000).

If the Court determines that parties are misjoined, the Court may, at any time, add or drop a party, or sever any claim against a party. Fed. R. Civ. P. 21. Where defendants have been misjoined, the Court may generally dismiss without prejudice all but the first named defendant. *See Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) ("If the test for permissive joinder is not satisfied . . . the court can generally dismiss all but the first named plaintiff without prejudice."); *Townsend v. Nat'l Arbitration Forum*, No. CV 09-9325-VBK (RNBx), 2012 WL 12736, at *11 (C.D. Cal. Jan. 4, 2012) (citing to *Coughlin* for the proposition that the court may dismiss without prejudice all but the first named defendant if the test for permissive joinder of defendants is not satisfied). Accordingly, the Court orders Plaintiff to show cause in writing no later than **July 30, 2014** why the Court should not dismiss without prejudice all but Lulumari, Inc., Lara's Closet, Inc., and Daisy Shoppe on the grounds of improper joinder of parties. Failure to respond by the above date will result in the Court **dismissing** this action.

**IT IS SO ORDERED.**